IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HEATHER ADAMS and DENISE COOK, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:16CV1051 |
| SITEL OPERATING CORPORATION, a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Plaintiffs initiated this putative collective and class action, individually and on behalf of others similarly situated, against Defendant, Sitel Operating Corporation ("Sitel"), alleging violations of the Federal Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.*, and the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110, as well as breach of contract. (ECF No. 1.) Before the Court are the parties' Joint Motion for Final Approval of Collective/Class Action Settlement and Plaintiffs' Unopposed Motion for Attorneys' Fees, Litigation/Settlement Administration Expenses, and Class Representative Service Awards, (ECF Nos. 37, 39).

WHEREAS, the parties reached a settlement of the above-captioned matter that was preliminarily approved by this Court on January 24, 2019, (ECF No. 30);

WHEREAS, the parties have complied with the Court's preliminary approval Order including sending settlement notices according to the approved notice plan and the period for

objections and opt-outs has closed; and

WHEREAS, this Court conducted a final approval hearing on May 28, 2019, in which the Court specifically reviewed all aspects of the settlement for fairness, reasonableness and adequacy, including the strength and weaknesses of the claims and defenses; the likelihood of class certification; the time and effort expended by the attorneys; the value obtained for the class and method of payment; the participation by the class; the lack of reversion rights to Defendant; the class members' lack of objections and opt-out elections filed; and adequacy of settlement notice, and was otherwise fully advised of the facts and circumstances of the proposed settlement;

Having reviewed the record before the Court, including the instant motions, memoranda in support thereof, and the Settlement Agreement,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court has examined and finds good grounds upon which to approve the parties' settlement as fair, reasonable and adequate pursuant to the standards for approval of a class settlement under Fed. R. Civ. P. 23(e).

2. The Court has reviewed and now approves the material terms of the executed Settlement Agreement and Release ("Settlement Agreement"), which are summarized below:

   (a) For purposes of settlement only, the parties have agreed to certification of the following class:

   > All current and former employees of Sitel Operating Corporation ("Sitel") who worked as hourly Work@Home agents at any time between February 2, 2013 and June 23, 2017.

   (b) Defendant will pay the sum of One Million Two Hundred Thousand Dollars and No Cents ($1,200,000.00) to create the Global Settlement Fund for the benefit of eligible Class Members pursuant to the terms of the Settlement

Agreement. Defendant's payment obligations of the Global Settlement Fund shall proceed as follows:

    i. Initial Deposit: Within fourteen (14) days after the entry of the Preliminary Approval Order Defendant shall pay the sum of One Hundred Thousand Dollars and No Cents ($100,000.00) to the Settlement Administrator for the notice and administration expenses that will be incurred to provide notice to the Class Members, and administer the settlement.

    ii. Balance Payment: No later than fourteen (14) days after the Final Approval Order is entered, Defendant shall pay the remaining One Million One Hundred Thousand Dollars and No Cents ($1,100,000.00) to the Settlement Administrator pursuant to the terms of the Settlement Agreement.

    iii. All valid claims paid to Class Members (excluding Defendant's share of payroll withholdings tax), costs of notice and administration, Service Awards to the Plaintiffs approved by the Court, and the Attorneys' Fees and Expenses, shall be paid from the Global Settlement Fund. The parties agree that the Global Settlement Fund and Defendant's payment of One Million Two Hundred Thousand Dollars and No Cents ($1,200,000.00) is the full extent of Defendant's payment obligation under this Settlement Agreement (with the exception of Defendant's share of payroll withholdings tax).

(c) Class Counsel will make an application to the Court for attorneys' fees in the amount of Four Hundred Thousand Dollars and 00/100 Cents ($400,000.00) and litigation expenses in an amount not to exceed Twelve Thousand Five Hundred Dollars and 00/100 Cents ($12,500.00).

(d) Class Counsel will make an application to the Court for an award to the Named Plaintiffs (including the Named Plaintiffs in the following cases: *Gaffers v. Sitel Worldwide Corporation and Sitel Operating Corporation*, Case No. 3:16-cv-00128 in the United States District Court for the Middle District of Tennessee and *Loading and Collins v. Sitel Operating Corporation*, Case No. 2:16-cv-02047 in the United States District Court for the District of Nevada) in the aggregate amount of Thirty Thousand Dollars and 00/100 Cents ($30,000.00) for their services as Class Representatives ("Service Awards").

(e) The parties will make an application to the Court for settlement administration expenses in an amount not to exceed Seventy Thousand Dollars and 00/100 Cents ($70,000.00).

3

(f) After deduction from the Global Settlement Fund for Class Counsel's approved attorneys' fees and litigation expenses, the approved Service Awards, and approved settlement administration expenses, the balance remaining will equal the Net Settlement Fund. If the Court awards less than the amount sought for any of these awards, the difference between the amount sought and the amount awarded will be retained as part of the Net Settlement Fund.

(g) Out of the Net Settlement Fund, Defendant will pay to each Class Member who does not submit a valid and timely Request for Exclusion (Opt-Out) Form (a "Settlement Class Member") a Settlement Award that is calculated as follows:

   i. The settlement administrator will calculate the number of workweeks that each Settlement Class Member worked during the Covered Period.

   ii. For each workweek that the Settlement Class Member worked less than 40 hours during the Covered Period, the Settlement Class Member will be allotted 1 point.

   iii. For each workweek that the Settlement Class Member worked 40 or more hours during the Covered Period, the Settlement Class Member will be allotted 1.5 points.

   iv. For each Settlement Class Member who worked in the States of California or Nevada, the total points allotted to the Settlement Class Member under Paragraphs 19(b) and (c) for weeks they worked in the States of California or Nevada will be multiplied by a factor of 1.25.

   v. The settlement administrator will add the total number of points allotted to the Settlement Class Members under Paragraphs 19(b), (c) and (d) to arrive at the "Total Settlement Class Points."

   vi. The Net Settlement Fund will be divided by Total Settlement Class Points to arrive at a per point dollar amount.

   vii. The per point dollar amount computed pursuant to Paragraph 19(f) will be multiplied by the total points allotted to each Settlement Class Member under Paragraphs 19(b), (c) and (d) to arrive at each Settlement Class Member's Settlement Award.

(h) The minimum payment to a Settlement Class Member shall be $20.00. If the amount a Settlement Class Member would receive under the Plan of Allocation is less than $20.00, the actual amount paid to the Settlement Class Member will be increased to

4

$20.00. To fund the increase, the rest of the Settlement Class Member allocations will be reduced *pro rata.*

(i) The Settlement Awards and other amounts awarded by the Court will be paid after final court approval of the Settlement, entry of the final judgment, and the exhaustion of all rights to appeal or review, or after any appeal or review has been resolved in favor of the Settlement.

(j) Class Members will be included in the Settlement and receive their proportional share of the Settlement unless they complete and submit a Request for Exclusion (Opt-Out) Form within 45 days of the Settlement Notice mailing. If Class Members do not complete and submit the Request for Exclusion (Opt-Out) Form in accordance with the conditions for submitting that election, they will be bound by this Settlement and receive a Settlement Award. Class Members who do complete and submit by the deadline a Request for Exclusion (Opt-Out) Form in accordance with the conditions for submitting that election, will be excluded from the Settlement and will not receive a Settlement Award, but will retain the rights they may have, if any, to pursue a claim against Defendant.

(k) Class Members who believe the proposed Settlement is inadequate, but would still like to participate in the Settlement, may object to the Settlement by filing a written Objection clearly describing why they believe the Settlement is not fair or reasonable with the Court and mailing a copy of each to Class Counsel and Defendant's Counsel postmarked no later than 45 days after the Settlement Notice mailing.

(l) Class Members will have 180 calendar days after the mailing date to negotiate any checks issued pursuant to this Settlement Agreement. Any checks not negotiated within 180 calendar days will be void and a stop-pay will be placed on the check by the Settlement Administrator. The checks will expressly indicate this 180-day deadline. The Settlement Award checks will also include language informing the Class Member that if he or she negotiates the settlement check within 180 days of receipt, then he or she will be considered to have "opted-in" for purposes of the FLSA settlement, and will fully release his or her claims under the FLSA. In such event, the Class Member failing to negotiate the settlement check will be deemed to have waived irrevocably any right in or claim to any monetary share or portion of the Settlement, but the Settlement Agreement nevertheless will be binding upon that Class Member. Settlement checks not timely negotiated shall revert to Defendant.

(m) If five percent (5%) or more of the Settlement Class Members timely submit valid Request for Exclusion (Opt-Out) Forms, Defendant will have the right, but not the

5

obligation, to void the Settlement and the parties will have no further obligations under the Settlement.

(n) The Settlement includes the following language concerning release:

   i. "Covered Period" refers to the period from February 2, 2013 through June 23, 2017.

   ii. "Released Person(s)" means Defendants Sitel Worldwide Corporation, Sitel Operating Corporation, all current and former parents, siblings, subsidiaries, related companies, partnerships, joint ventures, or other affiliates, and, with respect to each of them, their predecessors and successors, and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, and any other persons acting by, through, under, or in concert with, any of these persons or entities, and their successors.

   iii. "Rule 23 Released Claims" means, upon the Effective Date of this Settlement Agreement, the Class Representatives and the Settlement Class Members (other than those who submit valid and timely Request for Exclusion/Opt-Out forms) will release and forever discharge Released Persons, from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising on, or before, June 23, 2017 (the "Release Period"), that were, or could have been, made by the Class Representatives and the Settlement Class Members (other than those who submit valid and timely Request for Exclusion/Opt-Out forms) relating to allegedly unpaid wages or compensation of any kind, including any claims for liquidated damages, attorneys' fees, costs, expenses, interest, settlement administration costs, Service Awards, and any other monetary claims related to the payment of wages, including any claims arising under, state, municipal or local laws, including common law.

   iv. "Rule 23 and FLSA Released Claims" means, upon the Effective Date of this Settlement Agreement, Settlement Class Members who negotiate their Settlement Award checks within 180 days of receipt and thus, "opt-in" to the Settlement, will release and forever discharge Released Persons, from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising on, or before, June 23, 2017 (the "Release Period"), that were, or

6

could have been, made by the Class Representatives and the Settlement Class Members (other than those who submit valid and timely Request for Exclusion/Opt-Out forms) relating to allegedly unpaid wages or compensation of any kind, including any claims for liquidated damages, attorneys' fees, costs, expenses, interest, settlement administration costs, Service Awards, and any other monetary claims related to the payment of wages, including any claims arising under the Fair Labor Standards Act, or any other federal, state, municipal or local laws, including common law.

3. The Court finds that the Settlement Agreement constitutes a fair result given the totality of the circumstances facing Plaintiffs and the Class Members. The benefits of settlement are great in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigors of prolonged litigation. There is a "strong judicial policy in favor of settlements, particularly in the class action context." *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998).

4. The present Collective/Class Action Settlement was reached after prolonged arm's length negotiations by experienced counsel on both sides. The terms of this Settlement as outlined above and as set forth in detail in the Settlement Agreement executed by the parties represent, in this Court's opinion, a fair result achieved by experienced counsel for Plaintiffs and Defendant.

5. The fact that no class members filed an objection, and only 43 (.43%) of 10,018 Class Members chose to opt-out, weighs in favor of finding that the settlement is fair, reasonable, and adequate. Likewise, the final approval order is being entered well after the 90-day waiting period (which expired on October 18, 2017) under the Class Action Fairness Act, 28 U.S.C. § 1715(d)), and there being no objections filed by a government official.

6. The Court hereby grants final approval of the parties' Settlement Agreement

7

Case 1:16-cv-01051-LCB-JLW   Document 46   Filed 05/29/19   Page 7 of 10

pursuant to Rule 23(c) and (e) of the Federal Rules of Civil Procedure and § 216(b) of the FLSA as agreed to by the parties. Approval is based upon: (a) the relative strength of Plaintiffs' case and Defendant's defenses on the merits; (b) the existence of any difficulties of proof or strong defenses Plaintiffs and the Class Members are likely to encounter if the case goes to trial; (c) the anticipated duration and expense of litigation; (d) the amount of informal discovery completed and the character of the evidence uncovered by the parties; (e) the fairness of the Settlement, as set forth on the record by counsel, to the Class Members; (f) the fact that the Settlement is the product of extensive arms-length negotiations between the parties; (g) the fact that any proposed Class Member who disagreed with the Settlement could have opted out by personally signing the Opt-Out Form and submitting it pursuant to the procedures set forth in the Settlement Agreement; and (h) the fact that this Settlement is consistent with the public interest.

7. The Court finds, based on the declaration filed in this matter by the Settlement Administrator and based on the representations of all counsel at the final fairness hearing, that the plan for Class Notice was completed and satisfied the requirements of due process and Rule 23(c)(2)(B). Therefore, this Order and Final Judgment, which incorporates the provisions of the parties' settlement terms, including the release of claims, has binding effect on all Class Members.

8. Pursuant to Rule 23(c)(3), the Court hereby approves entry of final judgment as to, and certifies, the following Rule 23 class:

> All current and former employees of Sitel Operating Corporation ("Sitel") who worked as hourly Work@Home agents at any time between February 2, 2013 and June 23, 2017.

9. Pursuant to the collective action procedures of Section 216(b) of the FLSA, the Court enters final judgment as to, and certifies, the following class:

> All current and former employees of Sitel Operating Corporation ("Sitel") who worked as hourly Work@Home agents at any time between February 2, 2013 and June 23, 2017.

10. The Court confirms its appointment of the Named Plaintiffs as Representatives of the Rule 23 class and finds that they meet the requirements of Rule 23(a)(4).

11. The Court approves payment of service awards in the following amounts: (a) to opt-in Plaintiff Jonathan Gaffers, in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00); (b) to Named Plaintiff Heather Adams, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00); (c) to Named Plaintiff Denise Cook, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00); (d) to opt-in Plaintiff Brandi Loding, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00); and (e) to opt-in Plaintiff Tonsania Collins, in the amount of Five Thousand Dollars and Zero Cents ($5,000.00).

12. The Court approves payment of attorneys' fees to Class Counsel in the amount of Four Hundred Thousand Dollars and Zero Cents ($400,000.00), and litigation expenses not to exceed Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00). In the event Class Counsel's litigation expenses do not exceed this amount, any leftover monies will be re-distributed to the Class on a *pro rata* basis.

13. The Court approves payment to Simpluris, Inc., for settlement administration in the amount of Seventy Thousand Dollars and Zero Cents ($70,000.00).

14. Further, pursuant to Rule 23(g), the Court confirms its appointment of Class Counsel, Sommers Schwartz, P.C., and finds that it has fairly and adequately represented the

interests of the Class, and hereby directs it to continue in such capacity if any further action is required in this case.

15. The Court, having jurisdiction over this matter, hereby approves the Settlement Agreement in all respects, and dismisses all claims by Plaintiffs and the class with prejudice.

16. The Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the settlement.

SO ORDERED.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This, the 29th day of May, 2019.

/s/ Loretta C. Biggs
United States District Judge